UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARVIN ODUMS, III,

        Appellant,

v.

Nancy T Sunshine Dba Kings County New York Supreme Court Clerk,

        Appellee.

**MEMORANDUM & ORDER**
25-CV-05233 (HG)

**HECTOR GONZALEZ**, United States District Judge:

This appeal is one in a series of actions that *pro se* Debtor-Appellant Marvin Odums III has filed over the past seven years concerning the foreclosure of property located at 502 Van Buren Street in Brooklyn. The instant appeal concerns an order entered by the Bankruptcy Court on August 26, 2025, dismissing Mr. Odum's adversary proceeding against Appellee Nancy T. Sunshine, the Kings County New York Supreme Court Clerk. *See* ECF No. 1 at 2 (Notice of Appeal); ECF No. 1-1 at 2 (Transmittal of Record).[1] For the reasons explained below, the Court finds that it is without jurisdiction to hear the appeal and, therefore, the appeal is DISMISSED.

## BACKGROUND

After nine years in a prolonged foreclosure action, on March 19, 2018, the Supreme Court of the State of New York, Kings County, entered a judgment of foreclosure and sale of the property. *See Wells Fargo, NA. v. Marvin Odums III a/k/a Marvin Odums,* Index No. 18711/09 (the "Foreclosure Action"). During the pendency of the Foreclosure Action and continuing over

---

[1] Unless otherwise indicated, when quoting cases and court filings, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

seven years after the state court's judgment, Mr. Odums filed numerous actions in federal court related to this property: six voluntary petitions in bankruptcy court under Chapter 13 and/or Chapter 7 of the Bankruptcy Code;[2] three district court actions;[3] one adversary proceeding in bankruptcy court;[4] and three appeals.[5]

In the instant matter, Mr. Odums appeals a bankruptcy court order dismissing Charles Scharf from the adversary proceeding. *See Odums 3rd v. Charles W. Scharf Dba President of Wells Fargo Bank, et al.*, 25-ap-1010, ECF No. 28 (Bankr. E.D.N.Y., Aug. 26, 2025). Bankruptcy Judge Lord issued the order on August 26, 2025, and Mr. Odums appealed 22 days later, on September 17, 2025. *See* ECF No. 1-1 at 2. Because Mr. Odums did not file his appeal within two weeks, the Court ordered Mr. Odums to show cause on or before November 11, 2025, why this case should not be dismissed for lack of subject matter jurisdiction as a result of his

---

[2]   *See In re Odums*, 24-bk-42821 (Bankr. E.D.N.Y., filed July 8, 2024, ongoing); *In re Odums*, 23-bk-44581 (Bankr. E.D.N.Y., filed Dec. 12, 2023, dismissed Feb. 16, 2024); *In re Odums*, 23-bk-40107 (Bankr. E.D.N.Y., filed Jan. 13, 2023, dismissed Mar. 10, 2023); *In re Odums*, 19-bk-40829 (Bankr. E.D.N.Y., filed Feb. 11, 2019, discharged Apr. 28, 2023); *In re Odums*, 12-bk-45153 (Bankr. E.D.N.Y., filed July 17, 2012, dismissed Aug. 21, 2012); *In re Odums*, 12-bk-40766 (Bankr. E.D.N.Y., filed Feb. 3, 2012, dismissed Aug. 29, 2012).

[3]   *See Odums v. Sunshine et al.*, 19-cv-7325, ECF No. 4 (E.D.N.Y. Feb. 18, 2020) (voluntarily withdrawing case seeking to challenge foreclosure of property located at 502 Van Buren Street); *Odums v. Stumpf, et al.*, 19-cv-6815, ECF No. 7 (E.D.N.Y. Dec. 22, 2019) (dismissing challenge to foreclosure of property located at 502 Van Buren Street); *Odums v. Bayne, et al.*, 10-cv-3450, ECF No. 33 (E.D.N.Y. July 29, 2011) (granting summary judgment in favor of defendants in case seeking to challenge foreclosure of property located at 502 Van Buren Street).

[4]   *See Odums 3rd v. Charles W. Scharf Dba President of Wells Fargo Bank, et al.*, 25-ap-1010 (Bankr. E.D.N.Y., filed Jan. 28, 2025, dismissed Aug. 26, 2025).

[5]   *See Odums v. Scharf*, 25-cv-5433 (E.D.N.Y., filed Sept. 29, 2025); *Odums v. Nancy T. Sunshine Dba Kings County New York Supreme Court Clerk et al.*, 25-cv-5233 (E.D.N.Y., filed Sept. 18, 2025); *Odums v. Wells Fargo, N.A.*, No. 20-cv-1100, 2021 WL 918323 (E.D.N.Y. Mar. 10, 2021) (dismissing bankruptcy appeal for lack of subject matter jurisdiction).

failure to timely file the appeal. *See* October 21, 2025, Text Order. Without explanation, Appellant failed to respond to the Court's Order to Show Cause.[6]

## DISCUSSION

### I. Lack of Jurisdiction

A notice of appeal from a bankruptcy order generally "must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered." Fed. R. Bankr. P. 8002(a). "The time limitations in Fed. R. Bankr. P. 8002(a) are jurisdictional, regardless of a party's *pro se* status." *In re Sterling*, 690 F. App'x 747 (2d Cir. 2017) (citing *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005)). "Thus, in the absence of a timely notice of appeal in the district court, a district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'" *Id.* Here, the record reflects that Mr. Odums did not file his notice of appeal until 22 days after the bankruptcy court's order. This

---

[6]  Instead, Mr. Odums requested that the Court accept his appeal as timely or grant him permission to file a motion *nunc pro tunc* pursuant to Fed. R. Bank. P. 8002(d), and allow his appeal to proceed on the merits. *See* ECF No. 3. Setting aside that he failed to address the central issue in the Court's Order to Show Cause and asked the Court to essentially ignore Rule 8002(a), Mr. Odums's request for permission to move for a Rule 8002(d) extension is frivolous. Rule 8002(d) is clear that the bankruptcy court, not the district court, has the authority to grant an extension if a party shows excusable neglect. *See* Fed. R. Bank. P. 8002(d); *In re Amelio*, No. 20-cv-3080, 2020 WL 7028957, at *8 (S.D.N.Y. Nov. 30, 2020) ("Rule 8002(d)(1), however, expressly states that it is the bankruptcy court which may grant the extension."). Unless a party obtains such an extension from the bankruptcy court before appealing in district court, the district court has no jurisdiction. *See, e.g., Pynn v. Rupp Pfalzgraf LLC*, No. 23-cv-835, 2023 WL 7195085, at *5 (W.D.N.Y. Nov. 1, 2023) ("When a party fails to timely appeal an order of the bankruptcy court, the district court that would otherwise have jurisdiction over the appeal not only lacks the power to extend the time, but it also lacks any jurisdiction over the appeal altogether."). And here, the bankruptcy court has already denied Mr. Odums's request for an extension of time to appeal. *See Odums 3rd v. Charles W. Scharf Dba President of Wells Fargo Bank, et al.*, 25-ap-1010, October 30, 2025, Text Order (denying motion, ECF No. 33).

exceeds the 14-day time limit. *See* Fed. R. Bankr. P. 8002(a). Consequently, the Court lacks subject matter jurisdiction and must dismiss this appeal.

## II.   Warning About Frequent Frivolous Filing

In addition to the cases Mr. Odums has filed related to the foreclosure of property located at 502 Van Buren Street, he has also filed multiple cases challenging foreclosure actions brought against other properties he owned.[7] Each of these actions was dismissed as meritless. Indeed, other judges in this District have explicitly concluded that at least some of Mr. Odums's cases were brought in bad faith. *See, e.g., Odums v. Bayne, et al.*, 10-cv-3450, ECF No. 33 (E.D.N.Y. July 29, 2011) (concluding that Mr. Odums filed the case "for delay and to harass defendants"); *In re Odums*, 24-bk-42821, ECF No. 37 (Bankr. E.D.N.Y. Feb. 24, 2025) (determining that Mr. Odums filed his bankruptcy petition as "part of a scheme to delay, hinder, and defraud creditors that has involved multiple bankruptcy filings by the Debtor and affecting the Property" and ordering that all future bankruptcy filings by Mr. Odums within the next two years shall not stay Wells Fargo Bank, N.A.'s enforcement of its rights in and to 502 Van Buren Street); *Odums v. New York City Dep't of Bldgs.*, No. 09-cv-1145, 2009 WL 2905761, at *2 (E.D.N.Y. July 9, 2009) (dismissing case and granting costs and disbursements to defendants because "[t]here are limits to how much *pro se* plaintiffs can be permitted to burden government and its officials").

The federal courts have limited resources. Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice. "The

---

[7]   *See, e.g., Odums v. Sunshine*, No. 18-cv-6292, 2020 WL 2542441 (E.D.N.Y. May 19, 2020) (dismissing challenge to foreclosure of property located at 302 Malcolm X Boulevard); *Odums v. Greenpoint Mortg. Funding Inc.*, No. 16-cv-6220, 2019 WL 13552159, at *1 (E.D.N.Y. Dec. 22, 2019) (same), *aff'd*, 831 F. App'x 32 (2d Cir. 2020); *Odums v. New York City Dep't of Bldgs.*, No. 09-cv-01145, 2009 WL 2905761 (E.D.N.Y. July 9, 2009) (dismissing challenge to foreclosure of property located at 125 Jefferson Avenue).

4

district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000).

Mr. Odums is hereby warned that the future filing of vexatious and frivolous litigation may result in sanctions—including monetary sanctions or the imposition of an injunction prohibiting him from filing, without first obtaining permission from the Court, further motions or pleadings related to the foreclosure and sale of 502 Van Buren Street and/or filings seeking *in forma pauperis* status. *See, e.g., Torres v. Blackstone Grp.*, No. 23-138, 2023 WL 4850517, at *1 (2d Cir. May 26, 2023) (finding that the imposition of sanctions, including a leave-to-file sanction, might be appropriate in light of appellant's litigation history and ordering appellant to show cause why the sanction should not be imposed); *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

## CONCLUSION

For the reasons set forth above, the appeal is DISMISSED for lack of jurisdiction. Mr. Odums is warned that the future filing of frivolous appeals, motions, or other papers may result

in sanctions, including leave-to-file or monetary sanctions.  The Clerk of Court is respectfully directed to close this case and mail a copy of this Order to *pro se* Appellant.

SO ORDERED.

/s/ Hector  Gonzalez
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
November 14, 2025